## OTIS COMPANY *vs.* INHABITANTS OF WARE.

The sworn list of estate liable to taxation, required by *St.* 1853, *c.* 319, § 3, in order to authorize any abatement of a tax, cannot be filed after an appeal from the assessors to the county commissioners.

The *St.* of 1853, *c.* 319, § 3, providing that "no abatement shall be made of the taxes assessed upon any individual," until he shall have filed with the assessors a sworn list of his estate, applies to corporations.

PETITION for a *certiorari* to the county commissioners of Hampshire, in the matter of a tax assessed by the town of Ware upon the petitioners, a corporation established in that town. The case is stated in the opinion.

*S. T. Spaulding & C. W. Huntington,* for the petitioners.

*C. Delano,* for the respondents.

DEWEY, J. 1. By the provisions of the Rev. Sts. *c.* 7, § 37, any person aggrieved by the taxes assessed upon him, might apply to the assessors for an abatement thereof, who, upon reasonable cause shown, may make an abatement to him; and this as well where no list of his taxable property had been duly brought in under the notice of the assessors requiring the same, as where such list had been brought in. No application, however, could be made to the county commissioners, by way of appeal from a refusal of the assessors to abate a tax, unless he had brought in a list of his estate to the assessors, or shown good cause for not having so done. In case of such application to the assessors for abatement, they might, at their discretion, examine the party applying for such abatement, upon oath, as to his estate. But the provisions of the Rev. Sts. *c.* 7, left the assessors free to abate in all cases, without subjecting the party to examination as to his estate under oath.

The *St.* of 1853, *c.* 319, § 3, makes more stringent provisions on this subject, and enacts that "no abatement shall be made of the taxes assessed upon any individual, until he shall have filed with the assessors a list of his estate liable to taxation, and made oath that it is a full and accurate list of the same, according to his best knowledge and belief." No time is, however,

43 *

fixed by the statute for filing such list; and it has been contended that such list may be filed as well after as before the assessment of the tax, with the right of appeal, in either case, to the county commissioners from the refusal of the assessors to abate the tax.

The recent *St.* of 1857, *c.* 306, is more explicit in its provisions, and directly provides that, where such sworn list shall not be filed within the time specified by the assessors for bringing in such list, no appeal from the judgment of the assessors shall be sustained by the county commissioners, unless they shall be satisfied that there was good cause why such list was not seasonably brought in.

The present case arose before the passage of the statute last named, and must be governed by *St.* 1853, *c.* 319. That statute is imperative in forbidding any abatement of taxes until a list under oath has been filed with the assessors. No such list was filed with the assessors at any period of time before or during the pendency before them of the petitioners' application for an abatement of taxes. It was only after an appeal had been made to the county commissioners to revise the proceedings of the assessors and reverse their decision, that such list was filed. This was too late. The commissioners might properly refuse to entertain the complaint, upon that ground. The assessors had no jurisdiction to act in the matter without such sworn list, and of course no ground existed for a complaint that they had refused to make an abatement. *Porter* v. *County Commissioners*, 5 Gray, 365.

2. But it is further contended, on the part of the petitioners, that they, being an incorporated company, and holding their estate solely as a corporation, are not to be affected by the *St.* of 1853, *c.* 319, § 3, the provision therein being that "no abatement shall be made of the taxes assessed upon any individual," until he shall have filed a list under oath. The word "individual," it is said, does not include corporations. But an examination of the various statute provisions in the numerous sections of *c.* 7 of the Rev. Sts. can leave no doubt in the mind upon this point. Corporations, like individuals, are subject to taxation

for all their real and personal estate within the Commonwealth. They are, however, named but in a single instance, and that in referring to the town where the machinery used by a manufacturing corporation shall be assessed to such corporation. § 10. All the other provisions as to lists, abatement, &c. omit the use of the term " corporation." There is great diversity in the use of terms to indicate the persons and estates to be affected by the provisions of this chapter. In regard to the list to be brought in, the notice is " to the inhabitants " to bring in true lists. § 19. Then the assessors may require " any person," bringing in such list, to make oath that the same is true. § 20. Again; the assessors shall receive as the true valuation of the property of " each individual" the list brought in. § 22. Of these descriptions of taxpayers, only one, " any person," strictly includes corporations. This does so by Rev. Sts. *c.* 2, § 6, *cl.* 13, declaring the word " person " may be applied, in those statutes, to bodies corporate as well as individuals. It is provided, by § 40 of *c.* 7, that no person shall have an abatement by the commissioners, unless he shall have brought in a list of his estate to the assessors, &c., thus clearly indicating that, in § 19, the notification " to the inhabitants " to bring in lists, applies to corporations. Such has been the uniform construction of *c.* 7, applying its provisions equally to corporations and individuals, and giving like effect in this respect to all the varied forms of expression, " inhabitants," " persons " or " individuals." *Newburyport* v. *County Commissioners*, 12 Met. 211. *Winnisimmet Company* v. *Assessors of Chelsea*, 6 Cush. 477.

In the opinion of the court, the provisions of *St.* 1853, *c.* 319, § 3, do apply to corporations; and, like individuals, they must file with the assessors a list of their estate liable to taxation, subscribed and sworn to by their proper officers, before the assessors can grant them any abatement of their taxes. This not having been done in the present case while the application for uch abatement was pending before the assessors, the petitioners have no legal ground for maintaining this petition for *certiorari.*

*Petition dismissed.*